UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA J. RUSSO, on behalf of
herself and others,

    Plaintiff,

v.                      CASE NO.:

SIGNATURE HEALTHCARE, LLC,
d/b/a HERITAGE PARK CARE AND
REHABILITATION CENTER and
JOE STEIER,

    Defendants.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA J. RUSSO ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendants, SIGNATURE HEALTHCARE, LLC and JOE STEIER ("Defendants") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiff was/is a resident of Manatee County, Florida.

4. At all times material, Defendant, SIGNATURE HEALTHCARE, LLC,

was/is a Foreign Profit Limited Liability Company authorized to conduct business in the State of Florida, doing business as HERITAGE PARK CARE AND REHABILITATION CENTER at 2302 59th St W. Bradenton, FL 34209,where Plaintiff worked..

5. Defendant Steier is the President and CEO of SIGNATURE HEALTHCARE, LLC. In that position, Steier exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

6. The managing member of SIGNATURE HEALTHCARE, LLC is LP MANAGER LLC, the managing member of which is LPMM, INC. LPMM, INC. is a Los Angeles-based corporation owned and managed by Ira Smedra and Jacob Wintner, officers of the notorious ARBA Group.

## GENERAL ALLEGATIONS

7. Defendants are an employer as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

8. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

9. During at least one of the relevant years, Defendants had an annual dollar volume of sales or business of at least $500,000.

10. Plaintiff was employed by Defendants from September 2014 until April 28, 2017 as a Nurse Liaison.

11. While employed by Defendants, Plaintiff engaged in commerce or in the production of goods for commerce.

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff.

13. Plaintiff was an employee of Defendants under the FLSA.

14. Defendants failed to comply with the FLSA because Plaintiff regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

15. Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

16. Defendants' violations of the FLSA was knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

17. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

18. During her employment, Plaintiff complained to management, objecting to Defendants' failure to properly pay overtime compensation and then their subsequent attempts to give her more responsibilities.

19. After Plaintiff objected to the unlawful pay practices, Defendants

terminated Plaintiff's employment in retaliation for her protected activity under the FLSA.

## COUNT I
## OVERTIME – FLSA

20. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

21. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

22. Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

23. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## RETALIATION – FLSA

24. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

25. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

26. By complaining to management about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

27. By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to her protected activity.

28. Plaintiff's termination was directly caused by, and was a result of, her protected activity.

29. By discharging Plaintiff because of her statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

30. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii) Front and back pay;

(iv) Liquidated damages;

(v) Any other compensatory damages allowable under the law;

(vi) Attorneys' fees and costs pursuant to the FLSA;

(vii) Emotional distress damages;

(viii) Punitive damages;

(ix) Prejudgment and post-judgment interest; and

(x) Any other relief the Court deems appropriate.

**WHEREFORE**, Plaintiff demands judgment against Defendants for any and all damages, interest, costs, and such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 20th day of June, 2017.

        Respectfully submitted,
        **WHITTEL & MELTON, LLC**
        */s/ Jay P. Lechner*
        Jay P. Lechner, Esq.
        Florida Bar No.: 0504351
        Jason M. Melton, Esq.
        Florida Bar No.: 605034
        One Progress Plaza
        200 Central Avenue, #400
        St. Petersburg, Florida 33701
        Telephone: (727) 822-1111
        Facsimile: (727) 898-2001
        Service Email:
           Pleadings@theFLlawfirm.com
           lechnerj@theFLlawfirm.com
           kmoran@theFLlawfirm.com

*Attorneys for Plaintiffs*